IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERNELL STROMAN, | : |
| Petitioner, | : |
| v. | : C.A. No. 23-733-GBW |
| ROBERT MAY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

# MEMORANDUM

## I.  INTRODUCTION

Petitioner is an inmate at the James T. Correctional Center in Smyrna, Delaware. Petitioner filed a form application for habeas relief ("Petition") asserting that he was sentenced to "life w/out parole plus 40 years" in Delaware Superior Court criminal case number 0906011571.[1] (D.I. 2 at 1) The Petition

---

[1] Although the instant Petition does not identify Petitioner's offenses of conviction, an earlier case Petitioner filed pursuant to 42 U.S.C. § 1983 indicates that he pled guilty to "Murder 1, Burglary 1, and Possession of a Deadly Weapon during the Commission of a Felony." (*See Stroman v. United States Secretary of the Treasury*, Civ. A. No. 22-322-GBW at D.I. 2 at 1) The Court's independent research has revealed that, in 2010, Petitioner pled guilty to first degree murder and

asserts the following grounds for relief: (1) Petitioner was "denied a civilian due process" under the Fifth Amendment (D.I. 2 at 5); (2) Petitioner was "denied a civilian due process" under the Fourteenth Amendment (D.I. 2 at 7); (3) defense counsel "failed to notify [Petitioner] of confidential informant and [the] State withheld this valuable information" (D.I. 2 at 8); and (4) "Double Jeopardy: charges were laid upon corporate Sole Eng legrs [sic] and [Petitioner] was made a Surety for a Stranges [sic] and then charged with the Same crimes" (D.I. 2 at 10). Based on exhibits and additional filings, Petitioner also appears to challenge a tax liability and/or the assessment of a tax levy or lien and/or a foreclosure. (*See* D.I. 2-1 at 13-40; D.I. 6; D.I. 8) For relief, Petitioner asks to be released from "charges and sentences." (D.I. 2 at 15)

Petitioner has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (D.I. 1)

## II. STANDARD OF REVIEW

A district court may entertain a petition for a writ of habeas corpus on behalf of someone in custody pursuant to the judgment of a state court only on the ground that his custody violates the Constitution or laws or treaties of the United States.

---

related charges. *See Matter of Petition of Stroman-Bey*, 146 A.3d 369 (Table), 2016 WL 4491746 (Del. Aug. 25, 2016).

2

*See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A petitioner must state habeas claims with sufficient specificity and state the grounds supporting each claim. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also* Rule 2(c)(2) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. In addition, a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Notably, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254.

## III.  DISCUSSION

The Court advises Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, applies to the pending Petition. AEDPA imposes a one-year period of limitation on the filing of habeas petitions and effectively precludes petitioners from filing a second or subsequent habeas petition except in the most unusual of circumstances. *See* 28 U.S.C. §

2244(b); 28 U.S.C. § 2244(d)(1); *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999); *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). Consequently, a petitioner challenging the legality of his detention pursuant to the judgment of a state court must include in one § 2254 application all the arguments he has to collaterally attack the state court judgment.

To the extent Petitioner is challenging a tax liability and/or the assessment of a tax levy or lien and/or a foreclosure, he has improperly presented the challenges in a habeas proceeding. To the extent Petitioner may be challenging a conviction rendered in the Delaware state courts, the instant habeas Petition does not set forth sufficient facts supporting Petitioner's grounds for relief. In addition, Petitioner does not indicate whether he has exhausted state remedies for the grounds asserted in the Petition. These deficiencies provide a sufficient basis to summarily dismiss the instant Petition. Nevertheless, the Court will provide Petitioner an opportunity to file an amended petition setting forth his exhausted claims for relief along with facts supporting each exhausted claim.

The Court further notes that Petitioner did not provide a certified six-month prison trust account statement to support his Motion for Leave to Proceed *In Forma Pauperis*. (D.I. 1); *see* Rule 3(a)(2), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (stating that motion for

leave to proceed *in forma pauperis* must include a "certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."); *United States v. Holiday*, 436 F.2d 1079-80 (3d Cir. 1971) (holding that the decision whether to grant or deny *in forma pauperis* status rests with the sound discretion of the district court). Consequently, the Court will dismiss the Motion for Leave to Proceed *In Forma Pauperis* without prejudice to Petitioner's ability to file a certified six-month prison trust account statement.

## IV. CONCLUSION

For the aforementioned reasons, the Court will summarily dismiss without prejudice Petitioner's Motion for Leave to Proceed *In Forma Pauperis*. (D.I. 1) In addition, Petitioner shall have 30 days to file an amended petition setting forth his exhausted claims for relief along with facts supporting each exhausted claim. Failure to do so shall result in the summary dismissal of the instant Petition. A separate Order follows.

Dated: October 30, 2023

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE